IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FAREEDULLAH NAWABI                    :
                                      :
           Petitioner,                :    3:26-cv-1082
                                      :    (JUDGE MARIANI)
    v.                                :
                                      :
JESSICA SAGE, WARDEN,                 :
FCI LEWISBURG, et al.,                :
                                      :
           Respondents.               :

## MEMORANDUM OPINION

### I.    BACKGROUND

On April 24, 2026, Petitioner Fareedullah Nawabi ("Petitioner"), a native and citizen

of Afghanistan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241. (Doc. 1). Petitioner is detained at the Federal Correctional Institution, Lewisburg

within the Middle District of Pennsylvania. Petitioner alleges he has been detained in civil

immigration custody since November 21, 2025, and that his detention violates due process.

Respondents claim that the Court should deny the petition pursuant to the first-filed

rule. (Doc. 7). Specifically, they claim Petitioner "previously filed a habeas corpus petition

before the United States District Court for the District of Maryland on November 22, 2025."

(*Id.* at 2). In the alternative, Respondents seek dismissal of the petition because: "1) ICE is

authorized to detain and deport Petitioner; 2) the duration of Petitioner's detention pursuant

to 8 U.S.C. § 1231 remains presumptively reasonable and his request for release is

premature; and 3) ICE is complying with Post Order Custody Review regulations that courts have found satisfy Due Process concerns." (*Id.* at 2).

On November 22, 2025, while detained in the District of Maryland, Petitioner filed a counseled emergency petition for writ of habeas corpus that was assigned to Judge Theordore D. Chuang. *Nawabi v. Trump*, No 3:25-cv-3831 (D. Md.). That petition remains pending, and Judge Chuang held an evidentiary hearing on March 3, 2026. (Doc. 31).

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004 (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.     ANALYSIS

Respondents claim the Court should dismiss the petition pursuant to the first-filed rule.  The Court agrees.

"The first-filed rule requires, absent extraordinary circumstances, that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed."  *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013) (citing *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988)).  "The rationale for the rule is the desire for sound judicial administration and comity among federal courts of equal stature."  *Id.*

While the "first-filed rule gives the court the discretion to stay, transfer, or dismiss a case that is duplicative of an earlier-filed case" there are exceptions to the rule.  *Abdoulaye v. Doll*, 2021 WL 647455, at *1 (M.D. Pa. Jan. 12, 2021).  These exceptions include "(1) the existence of rare or extraordinary circumstances; (2) the first-filer engaged in inequitable conduct; (3) he acted in bad faith; (4) he engaged in forum shopping; (5) the later-filed action has developed further than the first-filed action; and (6) the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in a less favorable forum."  *Synthes*, 978 F. Supp. 2d at 455.  "Courts have consistently recognized that the first-filed rule is not a rigid or inflexible rule to be mechanically applied.  Rather, though exceptions are rare, the first-filed rule may properly be departed from as the equities of a given case require."  *Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agric.*

*Implement Workers of Am.*, 502 Fed. App'x 201, 205 (3d Cir. 2012) (non-precedential) (cleaned up).

Here, the first filed habeas petition has been pending since November 2025 in the District of Maryland. Judge Chuang recently held an evidentiary hearing on the issues raised in the first-filed petition. Nothing before the Court suggests that application of the first-filed rule would be inequitable or that any of the "rare" exceptions to the rule apply. Accordingly, the Court will dismiss the petition pursuant to the first-filed rule.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge

4